**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SUNREZ CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | ) | No. 21-568 RTH<br>Judge Ryan T. Holte |

**PLAINTIFF, SUNREZ CORPORATION'S MOTION TO COMPEL**

COMES NOW Plaintiff, Sunrez Corporation ("Plaintiff" or "Sunrez") and files this, its Motion to Compel, and would show the Court as follows:

## I. INTRODUCTION

On June 24, 2022, the Court entered a discovery Scheduling Order (ECF 35). According to that Order, fact discovery was scheduled to close on January 13, 2023. While Sunrez and Defendant, the United States ("Defendant" or "Government") (collectively, "Parties"), have engaged in substantial discovery, various topics remained outstanding. Sunrez conferred with the Government via e-mail on December 8, 2022, and the Parties agreed that each would benefit from a ninety (90)-day enlargement of the discovery period. On December 12, 2022, Sunrez filed its Unopposed Motion for Enlargement and Proposed Discovery Schedule, which was granted and adopted by the Court on the same day. While the Government has produced 19,755 pages of documents to date, these documents remain wholly unresponsive to several of Sunrez's Discovery Requests. The Government has continuously failed to properly supplement its Responses to Sunrez's First Set of Requests for Production ("RFP") and continues to produce documents irrelevant to Sunrez's Requests or multiple copies of the same unresponsive document.

Sunrez files this Motion to Compel, specifically requesting the Court compel the Government to produce responsive documents and written responses related to each of Sunrez's contentions included herein. Sunrez further requests the Court compel the Government to withdraw its objections to Sunrez's discovery requests and to complete the production of response documents. These Requests are expounded upon herein and the procedural history of the discovery dispute is set forth below.

## PROCEDURAL HISTORY – DISCOVERY DISPUTES

On March 4, 2022, Sunrez served Discovery Requests on the Government in accordance with the RCFC 26(b), 26(d)(2), and 34. (*See* **Exhibit A,** Sunrez's First Requests for Production of Documents to Defendant; *see* **Exhibit B,** Sunrez's First Set of Interrogatories to Defendant). On May 3, 2022, Government responded to Sunrez's Discovery Requests. (*See* **Exhibit C,** Defendant's Response to Sunrez's Request for Production of Documents; *see* **Exhibit D,** Defendant's Response to Sunrez's First Set of Interrogatories). In these Interrogatory Responses, the Government advised that "in August 2012, the Air Force contracted with the University of Dayton Research Institute (UDRI) to study alternative suppliers and designs for the 463L pallet. In August 2014, the Air Force contracted with UDRI to design and build prototype all-aluminum pallets. In August 2019, the Air Force contracted with Taber Extrusions, LLC, to manufacture all-aluminum pallets." (*id.* at p. 3, ROG 3).

The foregoing is critical to this case because the URDI effort was happening at the same time as the Sunrez effort, and several documents clearly show the "bait and switch" that occurred. On May 24, 2017, at a time when the Government had gone silent with Sunrez, the Government sent a letter to Congressman Hunter advising that "Mr. Livesay was advised by the program office that the potential SBIR Phase III quantity was reduced from 2,000 to 500 pallets and that the resolution was related to the lack of available funding." (**Exhibit E; PE 20).** The recitation of facts in *AAR Manuf., Inc. v. U.S.*, 149 Fed. Cl. 514 (2020), details as follows with respect to the foregoing:

> UDRI completed performance of the RIF development contract in 2016 and delivered Next-Gen pallet prototypes and related data items (*e.g.*, TDP, final

> report, qualification-test report) to the Air Force. (AR 2647; AR 2663.) In June 2017, following UDRI's completion of the RIF contract, the Air Force exercised an option in that contract to engage UDRI for a manufacturing-maturation contract of UDRI's Next-Gen pallet design. (AR 2456.) The contract also included a limited production run of 500 pallets for testing. (*Id.*) UDRI subcontracted with Taber to manufacture the 500 pallets. (AR 2447.)

*Id.* at 519 (**Exhibit F, p. 7).** Given the foregoing, it is clear that the quantity of 500 pallets was never possible or even a "potential" at the time the May 24, 2017 letter was sent. Despite this, on July 13, 2017, the Government sent Sunrez an email and memo demanding it give up its limited rights in its invention contrary to SBIR regulation. (**Exhibit G (PE 21); and Exhibit H (PE 22))**. The Government properly gave up these rights in August 2017, but thereafter, to justify its position with Taber, it had every incentive to raise the bar for Sunrez to ensure that its pallet would not be considered better and in fact, proceeded to do that in an inexplicable manner as Sunrez has alleged in its Complaint (**Exhibit I; PE 38)**. These facts and others that have been hidden from view in the context of these parallel procurements are what makes how Sunrez was treated in comparison to these other contractors relevant, and the Government's failure to produce it improper.

To resolve the objections raised by the Government in its discovery responses to Sunrez, counsel for Sunrez e-mailed the Government on May 5, 2022, conferring with the Government on its objections and responding to same, so that discovery could proceed fully and properly. (*See* **Exhibit J,** May 5, 2022 e-mail from counsel for Sunrez to the Government). On May 27, 2022, using the Government's Responses to the Interrogatories and with no response from the Government regarding the aforementioned discovery issues, counsel for Sunrez e-mailed Government its First Supplemental Requests for Production. (*See* **Exhibit K**, Sunrez's First Supplemental Requests for Production). On June 17, 2022, the Government replied to the concerns counsel for Sunrez raised in the May 5, 2022, e-mail. (*See* **Exhibit L**, Government Response to

May 5, 2022 e-mail from Sunrez). In the e-mail response, the Government withdrew some objections, requested further information regarding Sunrez's discovery requests, and refused to withdraw some objections. *Id.* Following the Government's e-mail to counsel for Sunrez, the Government e-mailed Sunrez its Responses to Sunrez's First Supplemental Requests for Production Documents on June 27, 2022, and on June 28, 2022, the Government produced 6,228 accompanying pages. Documents, none of which addressed the issues in this Motion. (*See* **Exhibit M**, Government Responses to Sunrez's First Supplemental Requests for Production Documents).

During the hearing on July 14, 2022, Sunrez raised, and the Court preliminarily addressed, some of the discovery issues on the good faith and fair dealing claim that Plaintiff is now forced to raise for resolution (*See* **Exhibit N)**. For example, the Court noted that "[i]t seems to me that an essential part of good faith and fair dealing involves the way the Government was dealing with other offerors (*id.* at p. 33, lines 23-25), and also stated that the Government "can't tell the potential offeror that they're going to do testing because they're initially looking for something or a certain timeline or a potential when, in reality, they're just looking to make something appear worse than it is in order to further some other cabal of problems that were alleged in the complaint. …I think-- you know, we found in January, was properly pled, is a scheme of how the Government essentially treated Plaintiff in relation to what was implied as good faith within the contract, but then also in comparison to others." (*id.* at p. 36, lines 7-19). Ultimately, the Court stated that its "lean is heavily in favor of allowing discovery to happen and securing it with attorneys' eyes only or other restrictions as may be needed as much as possible." (*id.* at p. 37, lines 3-5). Although we have a Protective Order entered in this case, discovery has not proceeded as the Court intended. Sunrez has also followed the Court's admonition to meet and confer (*id.* at p. 38, lines 13-25),

without success.

On July 22, 2022, undersigned counsel sent the following e-mail to counsel for the Government to reiterate issues addressed by the Court:

> David, in follow-up to the Court's hearing last week, we write the reiterate what the Court advised the parties regarding our issues below:
>
> First, we are not pressing on documents outside the Air Force unless they relate to the evaluations of other contracts and the pre- and post-contractual issues that relate to the good faith and fair dealing claim as outlined in the hearing. This is not intended as a broad government-wide request, but it shield also not be viewed to preclude relevant documents where they exist.
>
> Second, we are not limiting our discovery responses to the 0013 contract, and we expect that the government will also not so limit its responses where the pre- and post-contractual issues relate to the good faith and fair dealing claim as outlined in the hearing.
>
> Third, while we understand that the documents may need to be placed under the protective order, we expect the government to produce any testing and evaluation of any other aircraft pallet contractor, particularly if such was used to make a selection instead of Sunrez.
>
> We understand that the Government is in the process of supplementing its production with respect to these and other objections that have since been dropped, and look forward to further discussions on this.
>
> Respectfully,
> Bryant

**(Exh. O – July 22, 2022 e-mail).** No production was forthcoming for months, with the Government periodically advising that it was gathering responsive documents and would respond soon.

On November 15, 2022, the Government sent Sunrez its second document production which included 6,503 pages. In response to these documents, Sunrez e-mailed the Government on December 5, 2022, reiterating that the discovery deficiencies from May 5, 2022 had not been satisfied by the Government's first or second document productions. (*See* **Exhibit P**, December

12, 2022 E-Mail Regarding Deficiencies). Because of those deficiencies, Sunrez sought a ninety (90)-day enlargement of time, which was granted by this Court. (ECF 39). In response to the discovery deficiencies identified by Sunrez in its December 5, 2022 correspondence, on January 11, 2023, the Government reiterated its previous contentions, directing Sunrez to review its June 17, 2022 discovery response letter, and informed Sunrez that it would further produce responsive documents to Sunrez by January 31, 2023. (*See* **Exhibit Q**, January 11, 2023 Government E-Mail Response Regarding Discovery).

On January 27, 2023, the Government sent Sunrez its third document production consisting of 7,024 additional pages. However, even with the 19,755 pages the Government has produced, these documents fail to respond to Sunrez's requests. Simply put, the Government has blatantly evaded Sunrez's production requests by producing nonresponsive and irrelevant documents, all while ensuring Sunrez it would remedy some of the discrepancies. For example, in the Government's third set of production, the Government included two (2) documents that showed an e-mail update from LinkedIn regarding Sunrez's owner, Mark Livesay, connecting on LinkedIn with the Director of Operations at HOPE Church. (*See, e.g.*, **Exhibit R**, LinkedIn Production (SBIR0012752)). The production of these two (2) documents leads Sunrez to believe the Government simply searched "Mark Livesay" in its e-mail and sweepingly produced any document with his name in it, regardless of whether it was responsive to Sunrez's discovery requests. The LinkedIn notification is just one (1) example of the Government's attempt to evade producing substantive documents, burden Sunrez by producing documents irrelevant to the claims, and cause further delay to the discovery process. Below is a list of the current deficiencies in the Government's Responses to Sunrez's Requests for Production and Interrogatories:

## A. THE GOVERNMENT'S DEFICIENT RESPONSES TO SUNREZ'S REQUESTS FOR PRODUCTION

**a.** ***RFP Nos. 1 and 4***:

**i.** In its June 17, 2022 letter to Sunrez regarding discovery, the Government stated that it would produce the documents responsive to RFP Nos. 1 and 4 insofar as it would not conflict with its prior objections. However, the Government has failed to include responsive documents up to and including the issuance of the contracting officer's November 10, 2020 Final Decision. The Government has not provided the complete testing documents for Sunrez's pallet or the internal discussions regarding the same.

**b.** ***RFP No. 5:***

**i.** In the Government's June 17, 2022 letter to Sunrez regarding discovery, the Government quotes Rule 26(b)(1), "the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." As such, the Government objects to the phrase "matters relating to this matter" to the extent it refers to matters beyond what is relevant to Sunrez's claim. However, Sunrez's RFP specifically names individuals relating to this matter and "any other Government employee who has **direct knowledge of this matter** from March 1, 2013 to present.

**c.** ***RFP Nos. 11-14, 16-17, 19, 21-25, and 28-29***:

**i.** The Government has failed to produce documents relating to the complete testing of Sunrez's pallet or any internal discussions about the testing of Sunrez's pallet. For example, SBIR 5463 illustrates communications

relating to the Ring Capacity Test 3, but the Government fails to produce other test results that were compared to Sunrez during the same test. (*See* **Exhibit S**, SBIR 5463). Similarly, in response to RFP No. 5, the Government short-circuits the discovery process by producing some documents that respond to Sunrez's Requests, but not the entirety of the documents requested.

## II. ARGUMENTS & AUTHORITIES

Sunrez files this Motion to Compel and respectfully requests that the Court order the Government to complete its production of documents to be accurate and complete.

### A. Discovery Standard

Discovery may be obtained about any matter that is not privileged and is both relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b); RCFC(b)(1). This purpose considers the needs of the case, the issues in the case, the importance of those issues, the amount in controversy, the parties' access to information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b). In the Court of Federal Claims, information within the scope of discovery need not be admissible to be discoverable. RCFC 26(b)(1).

RCFC 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." RCFC 37(a)(4). This Court has written that under RCFC 33, "[t]he responding party must 'provide true, explicit, responsive, complete, and candid answers'" to interrogatories. *Algonquin Heights v. U.S.*, No. 97-582C, 2008 WL 2018917, at *3 (Fed. Cl. Feb. 29, 2008).

### 1. *The Government's Responses to Sunrez's Requests for Production*

Sunrez's discovery requests are narrowly drawn, and Sunrez is very specific about the information being sought. RCFC 26(b)(2). The information being sought in the RFPs referenced above includes the following:

- RFP No. 1: Any and all communications or documents regarding any issues, claims, defenses, or matters relating to the Contracts from March 1, 2013 to present.
- RFP No. 4: Please produce any and all documents, meeting minutes, notes, or communications relating to the Claim, including all interim and final KO's final decisions.
- RFP No. 5: Please produce any and all communications regarding any issues, claims, defenses, or matters relating to this matter and the Contracts at issue from and/or to the following individuals: Jesse Schwarztrauber, Nola Galloway, Carol Hernandez, Frank Zahiri, Tyler Adams, Carlos Renfroe, Alvin C. Mims, Joseph Mower, Chad Smith, and any other Government employee who has direct knowledge of this matter from March 1, 2013 to present.
- RFP No. 11: Any and all documents, research, meeting minutes, notes, or communications relating to the "Out briefing" that occurred between Warner Robins Air Force Base ("WRAFB") personnel and Sunrez employees in or about March 2018.
- RFP No. 12: Any and all documents, reports, results, notes, research, or communications relating to the testing requirements the Government required for the prototype composite 463L pallets under the Contracts.
- RFP No. 13: Please produce any and all documents, reports, results, notes,

research, or communications related to the testing the Government actually conducted on the prototype composite 463L pallets Sunrez delivered to it on June 4, 2016 and July 25, 2016.

- RFP No. 14: Please produce any and all documents, meeting minutes, notes, or communications relating to the Government's intentions when it entered into the Contracts.
- RFP No. 16: Please produce any and all documents, meeting minutes, notes, or communications relating to the Ring Capacity 3 Test conducted by Sunrez.
- RFP No. 17: Please produce any and all documents, meeting minutes, notes, or communications relating to the Ring Capacity 3 Test conducted or relied upon by the Government.
- RFP No. 19: Produce all results, including but not limited to, interim, preliminary, and final test results, of article testing performed on the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016.
- RFP No. 21: Produce all documents, including, but not limited to, memoranda, policies, studies, findings, or reports regarding the use, disuse, quality, or construction of the 463L pallet. Your response to this Request, at a minimum, should include all documents, including, but not limited to, memoranda, policies, studies, findings, or reports reflecting the USAF's position on the use, disuse, quality, or construction of the 463L pallet.
- RFP No. 22: Produce all communications, including, but not limited to, e-mails sent or received by Government personnel and Air Transportability Test Loading Activity ("ATTLA") personnel, relating to article testing performed on the pallets

delivered by Sunrez on June 4, 2016 and July 25, 2016.

- RFP No. 23: Produce all communications, including, but not limited to, e-mails sent or received by Government personnel and ATTLA personnel, relating to the Government's rejection of the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016.
- RFP No. 24: Produce all documents, including, but not limited to, memoranda, notes, and meeting minutes received from or sent to ATTLA and Air Mobility Command ("AMC") relating to article testing performed on the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016.
- RFP No. 25: Produce all communications, including, but not limited to, e-mails received from or sent to ATTLA and AMC personnel relating to article testing performed on the pallets delivered by Sunrez on June 4, 2016 and July 25, 2016.
- RFP No. 28: Produce all pallet test results from pallets manufactured for the USAF by Taber Extrusions, LLC, under an August 2019 contract.
- RFP No. 29: Produce all documents related to pallet testing from pallets manufactured for the USAF by Taber Extrusions, LLC, under an August 2019 contract.

Though the Government repeatedly claimed Sunrez's Requests were overbroad and vague, its position is ultimately baseless as it cannot articulate any ongoing confusion concerning the Requests. The Requests, as set forth above, are specific in time and scope of what is sought. Sunrez's Requests above are sufficiently detailed to allow the Government to determine the information Sunrez seeks. When Requests are narrowly tailored in this way, objections of overbreadth and vagueness cannot stand. Moreover, the Government's overbroad and vague

objections cannot stand because it cannot establish that the Requests impose undue burdens or seek discovery not relevant to the case. Further, the Government is well aware that the issues at stake here are extremely important. RCFC 26(b)(2). In denying the Government's Motion to Dismiss in part, this Court held that the allegations in Sunrez's Amended Complaint could support a duty of good faith and fair dealing violation. (ECF 27, p. 24). The information Sunrez seeks is tailored to gathering information related to the alleged violation. As such, the Government must withdraw its Objections, as Sunrez is entitled to its full and accurate Responses.

## III. CONCLUSION

Based on the foregoing, Sunrez respectfully requests that this Court grant its Motion and compel the Government to withdraw its improper Objections and fully respond to Sunrez's discovery Requests.

Respectfully submitted,

**NEEL, HOOPER & BANES, P.C.**

Bryant S. Banes
Texas State Bar No. 24035950
Federal ID No. 31149
Sarah P. Harris
Texas State Bar No. 24113667
Federal ID No. 3421904
1800 West Loop South, Suite 1750
Houston, Texas 77027
Telephone: (713) 629-1800
Facsimile: (713) 629-1812
bbanes@nhblaw.com
sharris@nhblaw.com

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff attempted to confer in good faith with counsel for the Government before filing this Request regarding the relief sought herein to resolve this matter without the Court's intervention. The conference of counsel has not resulted in the resolution of this matter. Thus, Plaintiff now requests the relief sought herein.

Bryant S. Banes

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 13, 2023, a copy of the foregoing instrument was served on counsel for the United States via e-mail at the following:

David M. Kerr
Trial Attorney
Commercial Litigation Branch
Department of Justice – Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-3390
David.M.Kerr@usdoj.gov

Bryant S. Banes